UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**AARON MICHAEL BOSTON/ROUSSELL**     CIVIL ACTION

**VERSUS**     NO. 11-829

**SHERIFF NEWELL NORMAND, ET AL.**     SECTION "B" (1)

## REPORT AND RECOMMENDATION

Plaintiff, Aaron Michael Boston/Roussell, filed this *pro se* and *in forma pauperis* federal civil rights action against Jefferson Parish Sheriff Newell Normand, Deputy Marc Macaluso, Sergeant Richard Dykes, and Deputy Jeffery Melle. In this lawsuit, plaintiff claims that he was falsely arrested and that his life was threatened.

On April 15, 2011, the Court issued an order scheduling a hearing in this matter for May 11, 2011. Rec. Doc. 4. On May 11, 2011, an official at the Jefferson Parish Correctional Center, plaintiff's address of record, informed the Court that plaintiff was no longer incarcerated at that facility. The hearing was therefore canceled because plaintiff's whereabouts were unknown. Rec. Doc. 5.

This Court's Local Rules provide: "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Local Rule 11.1. The Local Rules further provide:

> The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.

Local Rule 41.3.1.

More than thirty-five days ago, mail from this Court addressed to plaintiff at his address of record was returned by the United States Postal Service as undeliverable. Rec. Doc. 6.[1] Plaintiff has not notified this Court of his current address, in contravention of the Local Rules and despite his following declaration in the complaint: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." Rec. Doc. 1, p. 5.

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed.R.Civ.P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). As noted, mail sent to plaintiff at his address of record was returned as undeliverable more than thirty-five days ago, and he has failed to provide the Court with his current address despite being aware of his obligation to do so. Due solely

---

[1] Subsequent mail to plaintiff at that address was likewise returned. Rec. Doc. 8.

2

to plaintiff's failure, his whereabouts are unknown, and this Court has no way to advance his case on the docket. Accordingly, his complaint should be dismissed for failure to prosecute.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this eighth day of July, 2011.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.