UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **AARON MICHAEL BOSTON** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 11-829** |
| **SHERIFF NEWELL NORMAND, ET AL.** | **SECTION "B"** |

### ORDER AND REASONS

Before the court is plaintiff's motion to reopen a case previously dismissed for failure to prosecute, and to have counsel appointed. (Rec. Doc. 17 & 19). In addition, the plaintiff has filed a motion to consolidate and two motions to amend. (Rec. Doc. 24, 25, & 26). In plaintiff's original complaint he alleges that he was falsely arrested and improperly threatened. Plaintiff seeks relief in the form of five hundred thousand dollars. (Rec. Doc. 2).

### Factual and Procedural History

On April 14, 2011 the plaintiff Aaron Boston filed a civil rights action pursuant to 42 U.S.C. §1983 against Sheriff Newell Normand and Deputies Marc Macaluso and Jeffery Melle and Sergeant Richard Dykes. (Rec. Doc. 2). After filing the lawsuit, the plaintiff was transferred back and forth between

1

Jefferson Parish and Richland Parish Detention Center, and during that time he failed to keep the Court apprised of his whereabouts. As a result, mail to him from the court was returned as undeliverable.

The Court was unable to advance the case. As a result, on August 22, 2011, the Court dismissed the action for failure to prosecute. (Rec. Doc. 12). Several weeks later, the plaintiff filed what has been construed as motion to reopen the case pursuant to Fed. R. Civ. P. 60(b). (Rec. Doc.17). Two weeks later on September 29, 2011 the plaintiff filed another motion seeking appointment of counsel to handle the claim. (Rec. Doc. 19). On October 4, 2011 Magistrate Judge Shushan ordered a *Spears* hearing which was conducted via telephone conference on October 24, 2011. (Rec. Doc. 20 & 21). The Magistrate Judge filed a Report and Recommendation on October 31, 2011. (Rec. Doc. 22). The plaintiff subsequently filed an objection to the report on November 4, 2011. (Rec. Doc. 23).

On November 11, 2011, the plaintiff filed a Motion to Consolidate, seeking to consolidate his claim against the officers and also to add as a defendant Jefferson Parish Assistant District Attorney, Mike Smith. (Rec. Doc. 24 at 3-4).

On December 20, 2011, the plaintiff filed another motion seeking to amend his complaint and add as defendants: Detective Mark P. Monson and Detective Henry L. Conravey. (Rec. Doc. 25)

2

He asserts essentially that Det. Monson was negligent in reviewing Deputy Macaluso's allegedly false information for arrest, and that Detective Conravey threatened him with malicious prosecution if he did not confess. (Rec. Doc. 25 at 2).

On January 5, 2012, the plaintiff filed another motion to amend. (Rec. Doc. 26). In the motion, the plaintiff requests that Dep. Melle and Sgt. Dykes be removed from his complaint. (Rec. Doc. 26 at 2). He further requests to add Det. Conravey and Dep. Macaluso to his complaint. (Rec. Doc. 26 at 2). He also seeks to add Assistant District Attorneys Mike Smith and Scott Schlegel to his complaint. (Rec. Doc. 26 at 3).

## **Law & Analysis**

### I.  Fed. R. Civ. P. 60

A motion to reopen a case that was dismissed with prejudice is considered under Fed. R. Civ. P. 60. Rule 60(b), which provides:

> On a motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud, misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or

discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Rule 60(b) is intended to strike a balance between interests in maintaining the finality of judgments and insuring that justice is done in light of all the facts. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981). This balance is to be construed "in favor of trial on the merits of the case." *Id*. at 403. The general approach within the Fifth Circuit has been to construe Rule 60(b) equitably and liberally to achieve substantial justice. *Id*. at 401; *see also Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980).

Balancing the interests at work in this case, the plaintiff's motion to reopen his case pursuant to Rule 60(b) is granted in order for this Court to achieve substantial justice. The most significant factor weighing in favor of reopening is that no judgment has been made on the merits. Furthermore, while the plaintiff failed to meet his obligation to notify the Court of his whereabouts, several other factors weigh in favor of reopening the case: plaintiff was subject to a prison transfer at the time; there is no record of delay; there is no evidence of any willful contempt; and he filed the instant motion within three weeks of dismissal. Finally, since the defendants have never appeared in the matter, they will not be prejudiced by the

reopening of the case.

## II. 28 U.S.C §1915(e) & §1915A.

Federal law requires the mandatory screening of certain types of cases. Under 28 U.S.C. §1915A(a) the Court must screen any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." As part of the screening process, subsection (b) requires that:

> The court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune to such relief.

28 U.S.C. § 1915A(b).

In regards to actions filed *in forma pauperis*, such as the instant suit, federal law requires:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that … (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Substantively, §1915(e) and §1915A utilize the same standard for dismissal.

An *in forma pauperis* complaint is frivolous and may be dismissed if it lacks any arguable basis in law or fact. *Denton*

*v. Hernandez*, 504 U.S. 25, 31 (1992). In this context, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Furthermore, when screening an *in forma pauperis* case, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32.

To state a claim on which relief may be granted a complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)(citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citations omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]'

devoid of 'further factual enhancement.'" *Id.* (citations omitted).

As part of the screening process, Magistrate Judge Shushan held a *Spears* hearing on October 24, 2011 to develop more facts with regards to the plaintiff's complaint. *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).[1] The facts pleaded in the complaint and *Spears* hearing are not sufficient to sustain plaintiff's claim against Sheriff Normand. However, the complaint against the remaining defendants states sufficient facts, taken as true, to maintain facial plausibility, and is sustained.

### a. Sheriff Newell Normand

The plaintiff has not indicated whether his complaint is being brought against Sheriff Normand in his official capacity, individual capacity, or both. However, considering both possibilities, the plaintiff's complaint fails to state a claim on which relief may be granted.

A suit against a government official in his official capacity is interpreted to be a claim against the government entity he serves. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999). If the plaintiff's suit is against Sheriff Normand in his official capacity, it must be construed

---

[1] *Spears* hearing testimony is analogous in nature to Fed. R. Civ. Pro. 12(e) motion for a more definite statement and becomes a part of the total filing by the *pro se* applicant. *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996).

as a suit against Jefferson Parish, the government entity he serves. Liability for local government entities under 42 U.S.C. §1983 results if:

> A deprivation of constitutional rights was inflicted pursuant to official custom or policy. Official policy is ordinarily contained in duly promulgated policy statements, ordinances or regulations. But a policy may also be evidenced by custom.

*Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001). "[A] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." *Colle v. Brazos County , Texas*, 981 F.2d 237, 245 (5th Cir. 1993). In the instant action, the plaintiff has alleged neither an official policy nor a customary practice that forms a basis for the government officers' actions. Instead, he points generally to actions of three officers during one instance as being the basis for his action against the Sheriff. From these facts alone, no policy or custom can be plausibly ascertained; therefore, the plaintiff's claim against Sheriff Normand in his official capacity is dismissed.

Even if the plaintiff's claim is against Sheriff Normand in his individual capacity, the claim should be dismissed for failure to state a claim on which relief may be granted. "Plaintiffs suing governmental officials in their individual capacities . . . must allege specific conduct giving rise to a constitutional violation." *Oliver v. Scott*, 276 F.3d 736, 741

(5th Cir. 2002)(citation omitted). "[P]ersonal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)(citation omitted). §1983 does not give a cause of action based on the conduct of one's subordinates. *Id*. at 282. In the instant action, the plaintiff has not alleged any specific facts that would indicate Sheriff Normand was personally involved in any way with his arrest and interrogation. Therefore, a claim against Sheriff Normand in his individual capacity would not satisfy the factual burden of plausibility and is dismissed.

   **b. Deputy Macaluso, Sergeant Dykes, and Deputy Melle**

In addition to Sheriff Normand, the plaintiff has sued Deputy Macaluso, Sergeant Dykes, and Deputy Melle. The plaintiff alleges that the Sergeant and Deputies falsely arrested and pursued criminal charges against him. However, the plaintiff is currently awaiting trial on one of the charges that resulted from his arrest.

The United States Supreme Court has held that "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). However, *Heck* does not bar "an action which would

9

impugn *an anticipated future conviction."* *Wallace v. Kato*, 549 U.S. 384, 393 (2007)(emphasis in original). Nevertheless, if the complaint raises issues that are similar in nature to rulings that will likely be made in a pending or anticipated future trial, "it is within the power of the district court, in accord with common practice, to stay the civil action until the criminal case . . . is ended." *Id*. at 393-394.

In the instant action, the plaintiff's claim against Macaluso, Dykes, and Melle is not procedurally barred, since a judgment in favor of the plaintiff would relate only to an anticipated future conviction in the criminal action. However, since the plaintiff's claim raises issues that will likely be ruled upon in the criminal action, this civil action is stayed until the criminal case is resolved.

**III. Appointment of Counsel**

Under 28 U.S.C. § 1915(e)(1) the court may appoint an attorney to represent a litigant in federal court, but there is no automatic right to appointment of counsel in a civil rights case. *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007). However, "[a] district court should appoint counsel in a civil rights case only if presented with exceptional circumstances." *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997). In evaluating whether the appointment of counsel is proper, several factors are considered:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.

*Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)(citations omitted).

Based on the four factors articulated in *Ulmer* it is unnecessary for the Court to appoint counsel in this case. The plaintiff's principal evidence to support his claim is the prior death of an alleged witness. The plaintiff's claim does not raise complex issues of law or fact, and the defendant is capable of adequately investigating and presenting his case. Furthermore, the evidence does not present a problem of conflicting testimony. Therefore, because none of the factors indicate that this case presents exceptional circumstances, it is unnecessary for the Court to appoint counsel.

### IV. Motion to Consolidate

Plaintiff's Motion to Consolidate is dismissed as frivolous. Plaintiff's motion assumes that he has multiple claims open against different defendants. In reality, he has only filed a single complaint under 42 U.S.C. §1983 alleging that his constitutional rights were violated by named defendants. Because there are no additional claims to consolidate, the motion is dismissed.

## V. Motions to Amend

A district court does not abuse its discretion in denying leave to amend when, as here, amendment would be futile. *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003). Because the suit is stayed until the resolution of the pending criminal trial, it is futile for the court to allow the plaintiff leave to amend his complaint seeking to add and remove certain defendants.

## VI. Conclusion

For the foregoing reasons, **IT IS ORDERED** that the plaintiff's motion to reopen his case in the interest of justice is **GRANTED**. However, pursuant to the mandatory screening required by 28 U.S.C. §1915(e) and §1915A, the plaintiff's claim against Sheriff Normand is **DISMISSED** for failure to state a claim. Pending final adjudication of the related state criminal action, the claim against Deputies Macaluso and Melle and Sergeant Dykes is **STAYED**. Additionally, plaintiff's motion to appoint counsel is **DISMISSED** because the claim does not involve any exceptional circumstances. The motion to consolidate is **DISMISSED** because it is frivolous, and both motions to amend are **DISMISSED** because they are futile.

During the stay of federal proceedings this action shall be **CLOSED** only for administrative purposes without prejudice to any party's right to file a motion to reopen provided said motion is

12

filed no later than 45 days after final resolution of the related criminal proceedings.

New Orleans, Louisiana, this 24th day of February, 2012.

_____
UNITED STATES DISTRICT JUDGE